**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                                              :
In re: Jacqueline Segui,                                      :    Chapter 13
                                                              :
                                                              :    Case No. 17-13441
                                                              :
                                        Debtor.               :
                                                              :
--------------------------------------------------------------X

# MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL

**COUNSEL:**[1]

Linda Tirelli, Esq.

Tirelli Law Group, LLC
50 Main Street, Suite 1265
White Plains, NY 10606
Attorney for Debtor


Wesley T. Kozeny, Esq.

12400 Olive Blvd, Ste 555
St. Louis, MO 63141
Attorney for Creditor, for Specialized Loan Servicing LLC as Servicer for the Bank of New York Mellon as Secured Creditor

**CECELIA G. MORRIS
CHIEF UNITED STATES BANKRUPTCY JUDGE**

   The Debtor, Jacqueline Segui, brings this Motion to Compel Discovery Responses asking

the Court to compel production of responses to discovery requests. For the reasons set forth in

---

[1] Due to limitation on live court appearance by the Coronavirus (COVID-19) outbreak, the Court's ruling is based on the documents filed.

this Memorandum Decision and Order, the Debtor's Motion to Compel Discovery Responses is granted.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.

## Background

On November 30, 2017, Jacqueline Segui (the "Debtor") filed a petition for relief under chapter 13 of the Bankruptcy Code. On May 23, 2019, the Debtor requested Loss Mitigation with Specialized Loan Servicing LLC as servicer for the Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificate-holders of CWABS, Inc., Asset-Based Certificates, Series 2007-1 (the "Creditor"). On June 10, 2019, the Court entered an Order Granting Loss Mitigation. On March 4, 2020, the Debtor filed this Motion to Compel Discovery Responses (the "Motion to Compel," ECF No. 72). On March 6, 2020, the Creditor filed its Objection to the Motion to Compel (the "Objection," ECF No. 74).

The Debtor's Motion to Compel states that on November 1, 2019, the Debtor submitted her initial loss mitigation package and supporting documents. Motion to Compel ¶ 3, Ex. A. On December 10, 2019, the Creditor denied the Debtor's loan modification request. *Id*. On December 17, 2019, pursuant to the Real Estate Settlement Procedures Act ("RESPA") and its implementing regulation, 12 C.F.R section 1024.35(a) (the "Regulation X"), the Debtor served a Notice of Error on the Creditor, requesting for the guidelines, raw data and analysis relied upon for the denial. Motion to Compel ¶ 4, Ex. B. The Creditor did not provide the requested information. Motion to Compel ¶ 5, Ex. C. On January 6, 2019, the Debtor served a second

Notice of Error on the creditor to which the Creditor responded by refusing to disclose the requested information, stating that the requested information was confidential, proprietary and privileged. Motion to Compel ¶ 6-8, Exs. D-E. On February 13, 2020, the Debtor served a Third Notice of Error on the Creditor. Motion to Compel ¶ 9, F. After a loss mitigation hearing on February 20, 2020, the Creditor provided the numbers and in-system screenshot of data used, but did not provide the requested requirements, guidelines, program rules and regulations used in determining the loss mitigation denial. Motion to Compel, Ex. C.

The Debtor's Motion argues that the Creditor's failure to produce all "requirements, guidelines, program rules and regulations set forth by any investors and/or servicers relied upon to determine denial" is in violation of this Court's Loss Mitigation procedures and rules. The Creditor's Objection, *inter alia*, argues that the requested information is excluded from production pursuant to 12 C.F.R § 1024.35(e)(4), which provides that "a servicer is not required to provide documents relied upon that constitute confidential, proprietary or privileged information."

## Discussion

The Real Estate Settlement Procedures Act ("RESPA") and its implementing regulation contemplate the participation of the loan servicer in the loss modification process, "including how errors can be identified and addressed, how requests for information can be made." *In re Coppola*, 596 B.R. 140, 163 (Bankr. D.N.J. 2018) (holding that failure to provide the specific reasons for its denial of the Debtor's loss mitigation is a plausible claim for the Creditor's violation of RESPA).

The issue in this case is whether the Creditor has provided a substantive response to the Debtor's request for information. Despite the Creditor's own references to "investors

requirements" and "the guidelines of the investors/owner" as basis for its denial and the Debtor's several requests for information upon which the denial was based, no such information was provided by the Creditor. *See* Motion to Compel, Exs. C-E. Instead, the Creditor is invoking blanket confidentiality. *See Wilson v. Bank of Am., N.A.*, 48 F.Supp.3d 787, 806-07 (E.D. Pa. 2014) (Bank's blanket refusal to provide requested documents such as the copies of servicing logs, audio files, property inspection reports, invoices from the foreclosure firm and providing contradictory explanations regarding denial of loan modification constitute a plausible RESPA violation claim).

The Regulation X requires the servicer to make a substantive response within thirty business days of the Debtor's request for information. *See* 12 C.F.R § 1024.35(e); *Zinetti v. Deutsche Bank Nat'l Tr. Co. as Tr. for Saxon Asset Sec. Tr. 2007-3, Mortg. Loan Asset Backed Certificates, Series 2 (007-3*, No. CV 19-1279-LPS-JLH, 2020 WL 409725, at *5 (D. Del. Jan. 24, 2020) (holding that a loan servicer has a duty to act on a notice of error or request for information and is required to conduct a reasonable investigation in response to borrower's notice or error under RESPA and Regulation X).

Facilitating the understanding of how creditors reach their decision is precisely what the Regulation X intended to achieve with procedures like Notices of Error and Requests for Information. *In re Coppola* at 166. ("[S]eeking to understand how the Bank reached its different income numbers, [is] precisely the type[] of error[] or deficienc[y] that the regulations seek to address by Notices of Error and Requests for Information and by requiring specific reasons for any denial.") In this case, the Debtor is not challenging the denial of her loan modification request, but rather requesting information about how the Creditor arrived at its determination to deny the Debtor's loss mitigation request. The Creditor's blanket refusal to provide the

information not only fails to establish how the requested information qualifies as "confidential, proprietary or privileged" under 12 C.F.R. § 1024.35(e)(4), but also does not assist the Debtor in determining whether to appeal and what appeal should address.

## Conclusion

For the foregoing reasons, The Motion to Compel is GRANTED. It is hereby

ORDERED that the Creditor provide the requested information to the Debtor.



**Dated: March 20, 2020**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**